## Case No. 7,978.

### In re LADY BRYAN MIN. CO.

[1 Sawy. 349; 2 Abb. (U. S.) 527; 4 N. B. R. 394 (Quarto. 131); 4 N. B. R. 144 (Quarto, 36).] [2]

Circuit Court, D. Nevada. Sept. 26, 1870.

JURISDICTION OF REGISTER—CORPORATIONS—WHO ARE CORPORATORS—TRUSTEES CANNOT AUTHORIZE — ORDER OF REGISTER VACATED — SUBSEQUENT RATIFICATION.

1. Where a petition in bankruptcy is filed in the name and on behalf of a corporation without proper authority, the register acquires no jurisdiction to adjudge the corporation a bankrupt.

2. Under the provisions of the thirty-seventh section of the bankrupt act [of 1867 (14 Stat.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by L. S. B. Sawyer, Esq., and by Benjamin Vaughan Abbott, Esq., and here compiled and reprinted by permission. 4 N. B. R. 144 (Quarto, 36), reports the district court case only.]

535)], the filing of a petition on behalf of a corporation, can only be "duly authorized by a vote or the majority of the corporators at any legal meeting called for the purpose."

[Cited in Re Oregon Bulletin Printing & Publishing Co., Case No. 10,561.]

3. A "corporator," within the meaning of the act, is one of the constituents or stockholders of the corporation.

4. Although the management of the affairs of a corporation is committed by the laws of the state to a board of trustees, such board cannot authorize the filing of a petition in bankruptcy, under an act of congress, devolving that authority upon a majority of the corporators to be exercised at a meeting called for the purpose.

5. Where the register in bankruptcy adjudged a corporation to be a bankrupt upon a petition filed upon the authority of the board of trustees, the adjudication was set aside by the district court on petition of an attaching creditor, and this action affirmed by the circuit court.

[Cited in Re Baltimore County Dairy Ass'n, Case No. 828.]

6. A ratification of the action of the trustees and the register by the stockholders, after the adjudication in such case, does not cure the defect of want of jurisdiction of the register at the commencement of proceedings, and at the time of the adjudication.

[Cited in Re Derby, Case No. 3,815.]

[Appeal from the district court of the United States for the district of Nevada.]

Motion of a creditor [Ely Johnson], having a lien by attachment, to vacate the order adjudging a corporation a bankrupt. The facts are as follows: The Lady Bryan Mining Company is a corporation organized under the laws of Nevada, and carrying on the business of mining in Storey county. On August 15, 1870, its board of trustees, at a meeting thereof, authorized George W. Hopkins, the secretary of the company, to file a petition for the purpose of having the said company adjudged a bankrupt. The petition was filed pursuant to such authority, August 17. Thereupon and prior to August 31, the register adjudged the corporation to be a bankrupt. August 29, the board of trustees called a stockholders' meeting, to be held at Virginia City, on the 31st of that month. A meeting of the stockholders was held on that day, at which four stockholders, representing thirteen thousand three hundred and eighty-nine shares, were present. At this meeting a resolution was passed ratifying the action of the secretary in filing the petition, and of the register adjudging the company a bankrupt. The total number of shares into which the capital stock of the company is divided, is eighteen thousand. Ely Johnson, the moving party, is a creditor having a lien by attachment upon the property of the corporation.

Upon these facts the district court held: 1st. That the board of trustees had no power to authorize the secretary to file the petition, and that such filing gave the court no jurisdiction to adjudge the corporation a bankrupt. 2d. That the only reasonable construction of the words "majority of the corporators" in the thirty-seventh section of the bankrupt act, is, that interpretation which will enable the holders of a majority of the shares of the capital stock to authorize the filing of a petition under that section. 3d. That when a corporation seeks to avail itself of the provisions of the bankrupt act, it can do so only in the mode prescribed by the act, and that the petition in bankruptcy can only be filed by authority of the corporators holding a majority of the shares of stock given at a legal meeting called for that express purpose. 4th. That where, as in this case, the commencement of proceedings is unauthorized and void, no subsequent ratification by the corporators can make the proceedings valid. And an order was made vacating the adjudication.

After the entry of this order in the district court, a petition was filed by the corporation in the circuit court, praying that it might be reversed.

Thos. H. Williams, for petitioner.

R. S. Mesick, for petitioning creditor.

SAWYER, Circuit Judge. I am satisfied that the action of the district court, in vacating the order of the register in bankruptcy, is correct. The petition in bankruptcy was filed without proper authority, and the register acquired no jurisdiction. The petition, under the thirty-seventh section, must be "duly authorized by a vote of the majority of the corporators at any legal meeting called for the purpose."

No other petition on behalf of the corporation, can be recognized under the act. A "corporator," as understood both in the law respecting corporations, and in common speech, is "one who is a member of a corporation." [Bouv. Law Dict. and Webst. Dict.][2] That is to say, one of the constituents, or stockholders, of the corporation. I do not know that the word has ever been used in any other sense.

We do not know what motive induced the limitation to corporators, but, probably, it was supposed, that, in a matter of so great importance, the constituent members of the corporation ought to be consulted. Whatever the motive, this is the provision of the act, and we are not authorized by a strained or fanciful construction to make it something else. It is the province of courts to interpret, and not to make, statutes.

The management of the ordinary business of corporations in the state of Nevada, by the provisions of the statutes of the state, has been committed to a board of trustees, but it does not follow that the trustees may authorize the filing of a petition in bankruptcy under the act of congress. Congress has power to pass a general bankrupt act, and to prescribe the conditions upon which the benefits of the act may be attained, and the mode of procedure for their attainment; and when prescribed, those conditions must

---

[2] [From 2 Abb. (U. S.) 527.]

be complied with. It is no interference with the state laws respecting corporations to require the consent of the corporators in person, rather than of the board of trustees, as a condition precedent to the filing of a petition in bankruptcy; and this condition has been imposed by the bankrupt act. For this purpose the action of the board of trustees cannot be regarded as the action of the corporators. The corporators themselves must act in a meeting "called for that purpose."

I am, also, of opinion, that the act of the register being void for want of jurisdiction at the time the order was made, a subsequent ratification by the stockholders could not render it valid. It is not a matter of agency, so far as the authority of the register is concerned, but of jurisdiction. The petition itself shows the authority upon which it was filed, to be a resolution passed by the board of trustees, and, consequently, the want of due authority, and of jurisdiction, appears upon the face of the record.

The petition must be denied, and the order of the district judge affirmed. Ordered accordingly.

[The corporation having subsequently gone into involuntary bankruptcy, an order of the court was issued restraining any person from interfering with the property of the company. A motion by the sheriff of Storey county and by Johnson, plaintiff in an execution against the said company, to set aside that order, was denied. Case No 7,980.]